UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES K. LARBI                  *
     Petitioner                *
                                 *
     v.                          *       CIVIL NO. L-10-2424
                                 *       CRIM. NO. L-05-0088
UNITED STATES OF AMERICA     *
     Respondent            *
                              *******

MEMORANDUM

Now pending is pro se petitioner James K. Larbi's motion for relief pursuant to 28 U.S.C. § 2255. (Docket No. 109). Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"). For the reasons set forth below, the Court will, by separate Order of even date, DISMISS the Motion WITHOUT PREJUDICE, ENTER an Amended Judgment from which an appeal can be taken, and DIRECT the Clerk to CLOSE the case.

**I.     Background**

On February 16, 2005, the government was conducting physical surveillance on Payton Green, who was a known narcotics trafficker. Based on information provided by a confidential source, the government suspected that Green was about to make a wholesale narcotics purchase. At the Greyhound bus depot in downtown Baltimore, agents observed Green meet an individual who was carrying a backpack. This individual, whom officers later determined was petitioner Larbi, entered Green's car, and they left the depot.

As Green neared Baltimore's Pennsylvania Station, officers attempted to stop his car. Green fled at high speed, and a pursuit ensued. Officers apprehended Green and Larbi after their

1

car collided with a parked vehicle. The government recovered more than six kilograms of heroin from Larbi's backpack and over $200,000 from a suitcase and valise found in Green's car.

On March 2, 2005, a federal grand jury sitting in the District of Maryland returned a two-count indictment against Green and Larbi. Count One of the Indictment charged Larbi with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin. Count Two of the Indictment charged Larbi with possession with intent to distribute one kilogram or more of heroin.

Larbi entered a plea of not guilty on March 11, 2005, and he was released on conditions of supervision. While trial was pending, Larbi fled the United States. Larbi is a citizen of Ghana, and he was eventually located there. Ghana extradited Larbi to the United States, and on March 23, 2009, the U.S. District Court for the District of Maryland ordered him detained pending trial. On June 12, 2009, Larbi pled guilty to Count One of the indictment. As part of his plea agreement, Larbi waived his right to take an appeal from his sentencing. On September 4, 2009, the Court sentenced Larbi to an 87 month term of imprisonment. Larbi did not appeal his sentence. He filed the pending Motion to Vacate on August 19, 2010.

**II.    Analysis**

Because Larbi did not appeal his sentence, he has procedurally defaulted his claims. Thus, to collaterally attack his sentence, Larbi must show both cause for and actual prejudice from the default. See Murray v. Carrier, 477 U.S. 478 (1986). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).

Larbi alleges that his appointed counsel, Mr. Gary Ticknor, was deficient in several ways. Ineffective assistance of counsel claims are evaluated under the Strickland two-prong test, which requires Larbi to show (i) that counsel's performance was deficient, and (ii) that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, Larbi must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. As for the second prong, Larbi must show that but for his attorney's deficient performance, the result of the proceedings would have been different. See id. The Court can address either the prejudice or the effectiveness prong first, and if it finds that Green cannot satisfy one of the prongs, the Court's inquiry ends and the petition is dismissed. Id. at 697.

**B.     Analysis**

   **1.     Failure to File an Appeal**

In his reply brief, Larbi alleges that he directed Ticknor to file an appeal but that Ticknor failed to do so. Ticknor, as related by the government, avers that Larbi never requested him to take an appeal.

Counsel's failure to file a direct appeal when requested to do so by his client is per se ineffective. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Waiver of appellate rights in a plea agreement does not absolve counsel of the duty to file an appeal upon request. United States v. Poindexter, 492 F.3d 263, 271-73 (4th Cir. 2007). To avoid the credibility contest inherent in this claim, the Court will enter a new judgment from which Larbi can take an appeal and appoint counsel for purposes of noting the appeal.

3

### 2. Remaining Claims

Because the Court will afford Larbi an opportunity to note an appeal, it need not rule on the balance of Larbi's claims at this time. If Larbi does not prevail on appeal, he may file a renewed Motion to Vacate. In anticipation that Larbi's renewed Motion will raise several of the same claims that he has presented in the instant Motion, the Court wishes to express its preliminary views of those claims.

#### a. Failure to Pursue Third Level Reduction for Acceptance of Responsibility

Under § 3E1.1(a) of the United States Sentencing Guidelines, the Court may reduce a defendant's offense level by two levels if he accepts responsibility for his offense. Under § 3E1.1(b), a further one level reduction may be given "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b) (emphasis added).

Larbi received a two-level reduction pursuant to a stipulation in his plea agreement. Nevertheless, he contends that Ticknor was ineffective for failing to pursue the third level reduction. Larbi also contends that Ticknor was deficient for failing to advise Larbi of his right to contact the Ghanaian embassy upon his return to the United States.[2] Larbi avers that he would have requested the Embassy's assistance in explaining the circumstances of his flight and that this information would have motivated the government to move for the discretionary third-level reduction.

---

[2] The Vienna Convention on Consular Relations requires consular notification when a foreign national is arrested. See Vienna Convention on Consular Relations, art, 36, Dec. 14, 1969, 21 U.S.T. 77.

Assuming arguendo that Ticknor was ineffective for failing to pursue the § 3E1.1(b) reduction, Larbi cannot establish that he was prejudiced by Ticknor's deficiencies. As stated above, only the government can move for the third-level reduction.[3] Counsel for the government, Mr. Philip Jackson, has averred that the government did not move for the discretionary third level because of the time and cost associated with preparing Larbi's extradition from Ghana. The government's position is entirely consistent with the language of § 3E1.1(b), which provides that the defendant's timely acceptance of responsibility must permit "the government and the court to allocate their resources efficiently."

### b. Claims Requiring Transcripts

Larbi claims that Ticknor or the Court failed to advise him of the immigration consequences of his plea agreement.[4] Larbi also alleges that Ticknor erred at his sentencing by failing to raise certain mitigating facts or argue for certain downward departures.[5] The government avers that all of these issues were addressed by either Ticknor or the Court at Larbi's initial appearance, rearraignment, and sentencing. Ultimately, transcripts of these proceedings will be necessary to resolve Larbi's claims. Accordingly, Larbi may wish to request the production of these transcripts before he files his renewed Motion to Vacate.

---

[3] Therefore, to the extent that Larbi contends that Ticknor was ineffective for failing to procure the reduction from the Court, his claim is patently without merit.

[4] In Padilla v. Kentucky, 130 S. Ct. 1473 (Mar. 31, 2010), the United States Supreme Court held that to provide effective assistance, counsel must inform his client whether his plea carries a risk of deportation. Id. at 1486-87.

[5] Among other things, Larbi argues that Ticknor erred by failing to discuss the conditions of Larbi's confinement in Ghana, failing to argue that Larbi's assent was cause for a departure, failing to explain the hardship inflicted on Larbi's family by his incarceration, and failing to explain Larbi's reason for fleeing from the United States.

5

**III.    Conclusion**

For the reasons stated above, the Court will, by separate Order of even date, DISMISS the Motion WITHOUT PREJUDICE, ENTER an Amended Judgment from which an appeal can be taken, and DIRECT the Clerk to CLOSE the case.

Dated this  3rd  day of March, 2011.                                   /s/
                                                                                    Benson Everett Legg
                                                                                    United States District Judge